**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Warren K. STEFFEN, Defendant–
Appellant.**

**No. 99–10219.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 12, 2001

Filed June 5, 2001

4.  Capital Resource Funding's liability, if any, was predicated upon and solely derivative of  Transfac's.

Michael K. Powell, Office of the Federal Public Defender, Reno, Nevada, for the defendant-appellant.

Brian L. Sullivan, Office of the United States Attorney, Reno, Nevada, for the plaintiff-appellee.

Before: HUG, NOONAN, and W. FLETCHER, Circuit Judges.

WILLIAM A. FLETCHER, Circuit Judge:

Warren K. Steffen was convicted after a jury trial of two counts of mail fraud, in violation of 18 U.S.C. § 1343, and one count of so-called "travel fraud," in violation of 18 U.S.C. § 2314. The district court sentenced him to sixty months imprisonment for each of the first two counts, and seventy months for the third. The court ordered that these sentences run concurrently with each other, but consecutively to a sentence imposed previously for an unrelated crime.

Steffen presents two questions on appeal. First, he contends that there was insufficient evidence to convict him of "travel fraud" because he induced an agent of the fraud victim, rather than the victim himself, to travel across a state line. Second, he contends that the sentences in this case should run concurrently with, rather than consecutively to, the sentence for the unrelated crime.

We disagree with both of Steffen's contentions. We hold that 18 U.S.C. § 2314 includes within its scope travel by an agent of the ultimate target of the fraud, and we conclude that the district court did not err in imposing consecutive sentences. We therefore affirm the judgment of the district court.

## I

All activities leading to the charges in this case took place during 1992 and 1993, while Appellant Steffen was on probation for an earlier crime. In 1987, Steffen was convicted of three counts of wire fraud. He was released on probation in 1991, but that probation was revoked in 1993 because of the conduct at issue in this case. Steffen then escaped from prison while serving the remainder of his sentence for wire fraud. He was captured and convicted of the crime of escape, and was sentenced to twenty-four months in prison, to be served consecutively to the sentence he had been serving when he escaped. The sentence for the original wire fraud conviction ended in November 1998, and Appellant then started serving his sentence for escape. The sentence in this case was ordered to be served consecutively to the latter sentence.

In counts one and two, the wire fraud counts, Steffen solicited investments by stating that he would use the funds to invest in China. In count one, he solicited an investment from Frank and Jinx Rives, guaranteeing them a high rate of return and promising that he would return their investment within ninety days. Frank Rives authorized a wire transfer of $350,000 from Salt Lake City, Utah, to Steffen's bank in Nevada. The Riveses received neither a return of their principal nor the promised high rate of return.

In count two, Steffen promised Russell Barnings an "about risk free" investment through which Barnings could earn a twenty-percent return in sixty to ninety days. Barnings authorized a wire transfer of $148,000 from Salt Lake City, Utah, to Steffen's bank in Nevada. Like the Riveses, Barnings received neither the return of his capital nor the promised rate of return.

In count three, the travel fraud count, Steffen told Henry Braly, who lived in Colorado, that he needed $100,000 to complete a $1.5 million franchise deal. Steffen promised to return the $100,000, along with a $25,000 profit, to Braly within three hours of receiving the $100,000. Braly sent his business associate, Jerry Reiter, with a certified check for $100,000, from Colorado to meet Steffen in Nevada and to investigate the investment on his behalf. Steffen convinced Reiter, acting on behalf of Braly, to sign the certified check over to him. Steffen never returned the $100,000 and never delivered the promised profit.

## II

■ Steffen contends that the district court misconstrued the "travel fraud" statute. We review *de novo* a district court's determination of a question of law. *Gilmore v. California*, 220 F.3d 987, 997 (9th Cir.2000). As part of this first contention, Steffen argues that there was insufficient evidence to convict him of travel fraud. In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■ Steffen next contends that he should have been sentenced concurrently, but this contention was not raised in the district court. We therefore review that contention for "plain error." *United States v. Scrivner*, 114 F.3d 964, 966 (9th Cir.1997). Steffen must show that "(1)

there was 'error'; (2) it was 'plain'; and (3) that the error affected 'substantial rights.' If these conditions are met, [this court] may exercise [its] discretion to notice the forfeited error only if the error (4) 'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.' " *United States v. Nordby*, 225 F.3d 1053, 1060 (9th Cir.2000) (internal citations omitted) (quoting *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

### III

■ Steffen contends that he cannot be convicted of "travel fraud" because the person ultimately defrauded was not the person who traveled interstate with the funds. Section 2314, under which Steffen was convicted, criminalizes the inducing of "*any person* or *persons* to travel in ... interstate commerce ... in the execution ... of a scheme ... to defraud *that person* or *those persons* of money ..." (emphasis added).[1] In this case, Steffen argues that the person or persons who traveled must be the person or persons who were the ultimate target or targets of the fraud. Steffen concedes that the government proved that he devised a scheme to defraud Braly, but he argues that, because it was Reiter rather than Braly who traveled in interstate commerce, the government failed to prove all elements of the crime.

■ We do not read the statute so narrowly. We believe a permissible plain-language reading of the statute is that a person who is induced to travel across a state line with money, and who is fraudulently induced to deliver that money, has

been defrauded within the meaning of § 2314, even if the money does not belong to that person. We hold that as long as the person is traveling as the agent of the person who is the ultimate target of the fraud, the traveling agent is a person who has been defrauded within the meaning of the statute.

We are reinforced in our approach to § 2314 by the Seventh Circuit, which has similarly declined to read the statute narrowly. In *United States v. O'Connor*, 874 F.2d 483, 488 (7th Cir.1989), a defrauded corporation, TME, sent its agent, Barter, across state lines with the money. The Seventh Circuit stated,

> Corporations act through their agents. Barter was TME's agent. When Barter traveled to Milwaukee, he did so on TME's behalf. As we have seen, TME was a victim of O'Connor's fraudulent scheme. Therefore, a "victim" of O'Connor's scheme (TME acting through Barter) was induced to travel in interstate commerce. . . .

*Id.* According to the Seventh Circuit,

> Section 2314 was designed to discourage the taking and receiving of stolen goods. . . . "The ultimate beneficiary of the law, of course, is the property owner who thereby enjoys greater governmental protection of property rights." . . . We see no reason why Congress would not have wanted to discourage the stealing of corporate property any less than it wanted to discourage the stealing of a natural person's property.

1. The second paragraph of 18 U.S.C. § 2314 reads as follows:

   Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more ... [s]hall be fined under this title or imprisoned not more than ten years, or both.

*Id.* (internal citations omitted). Like the Seventh Circuit, we see no reason why Congress would have wanted to discourage the stealing of individual property through an agent any less than it would have wanted to discourage the stealing of corporate property through an agent.

It is well established that § 2314 was passed to fill a gap in the mail fraud statute. *See United States v. Benson,* 548 F.2d 42, 46 n. 6 (2d Cir.1977). Congress's intent in passing § 2314 was to prevent criminals engaged in fraud from evading prosecution merely by using a different means of transporting money. Reading the statute narrowly so as not to encompass fraud of the sort charged in count three would allow scam artists to avoid prosecution under both the mail fraud statute and the travel fraud statute, although the fraud perpetrated is indistinguishable in purpose and effect from other types of mail and travel fraud. Here, it is only the desire of the ultimate target to spend his agent's time instead of his own that would allow the perpetrator of the fraud to evade prosecution if we failed to read § 2314 to include the conduct in this case.

## IV

Steffen next argues that he was erroneously given consecutive rather than concurrent sentences. Steffen contends first that the district court relied on the 1993 rather than the 1998 version of the Sentencing Guidelines in imposing consecutive sentences, and second that the district court did not satisfy the requirements of 18 U.S.C. §§ 3553(a) and 3584(b) because it did not sufficiently justify on the record the imposition of the consecutive sentences.

### A

■ A sentencing court is required to use the version of the Sentencing Guidelines in force on the date of sentencing, unless so doing would violate the *ex post facto* clause of the Constitution, in which case the court must use the version current on the date the defendant committed the offense of conviction. United States Sentencing Guidelines ("U.S.S.G.") § 1B1.11(a), (b)(1). In sentencing Steffen, the district court used the 1993 version of the Guidelines, in force at the time of the commission of the offense of conviction, rather than the 1998 version, in force at the time of sentencing.

■ However, the 1993 and 1998 versions of the Guidelines are not materially different. The section at issue is § 5G1.3, which allows consecutive sentences in certain circumstances. This guideline remained unchanged between 1993 and 1998; the only change was in the Application Notes. That change, however, is immaterial to Steffen's case. Both versions of the Application Notes refer to U.S.S.G § 7B1.3, which, like § 5G1.3, remained unchanged between 1993 and 1998.[2] Section 7B1.3(f) specifically provides that a sentence for revocation of probation shall be served consecutively to any sentence currently being served:

> Any term of imprisonment imposed upon the revocation of probation or supervised release *shall* be ordered to be served *consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.*

---

**2.** The provisions of Chapter 7 of the Guidelines Manual are advisory "policy statements" as opposed to mandatory "guidelines." U.S.S.G. Ch. 7, part A(3)(a); *see United States*

*v. George,* 184 F.3d 1119, 1121 (9th Cir.1999). Nevertheless, they provide support for affirming a sentence that was imposed in accordance with one of their recommendations.

(Emphasis added.) There was thus no error, let alone plain error, in the imposition of a consecutive rather than a concurrent sentence pursuant to the Guidelines.

## B

The district court is required by 18 U.S.C. § 3584(b) to "consider" the factors set forth in 18 U.S.C. § 3553(a) in determining whether to impose a consecutive rather than a concurrent sentence.[3]

■ We have made clear that the Sentencing Guidelines do not and cannot deprive the district court of the discretion it is directed to exercise under these sections. *United States v. Pedrioli*, 931 F.2d 31, 32 (9th Cir.1991) ("[W]e have already determined that the district court retains discretion under 18 U.S.C. § 3584(a) to sentence either concurrently or consecutively despite the guidelines.") (citing *United States v. Wills*, 881 F.2d 823, 826–27 (9th Cir.1989)). Therefore, the district court is required to consider the factors listed in § 3553(a) regardless of statements in U.S.S.G. §§ 5G1.3 and 7B1.3(f)

that on their face appear to dictate a decision without consideration of those factors.

■ The district court stated on the record the following reasons justifying its decision to impose consecutive sentences on Steffen:

> I'm satisfied—because of the nature of the offense, the significant amount of fraud that was perpetrated on the victims in this case both monetarily and the nature and circumstances of the fraud and the relatively elaborate scheme that was involved in defrauding the victims over the period of time involved here satisfy the Court that—and coupled with the fact that the defendant is not a stranger to the criminal justice system and in fact has come very close to being classified as a career criminal in connection with fraudulent conduct satisfy the Court that the sentence at the higher end of the guideline range is appropriate, and I think the recommendation of the department is proper. It will therefore be the order and judgment of the Court that the defendant is sentenced to

---

3. Subsection (a) of § 3553 reads:

> Factors to be considered in imposing a sentence.-The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, and that are in effect on the date the defendant is sentenced; or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code;
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

a term of 70 months, 70 months on Count III concurrent to the 60 months on Counts I and II. All will be concurrent with each other and consecutive to the sentence imposed in Case CR95–383–01.

Tr. of Proceedings, April 14, 1999, at 58–59.

> I can only make this final observation, that cases like this are very unfortunate because I'm satisfied, Mr. Steffen, if you had decided to pursue legitimate ends, that you could have been quite successful. When I see members of your family coming in to court to testify, as occurred in this particular case, it's very unfortunate to the victims involved, and quite frankly, it's hard for this Court to understand why you've pursued the path that you have for the last several years.

*Id.* at 62–63. This explanation by the district court for imposing consecutive sentences constitutes sufficient evidence of appropriate consideration of the factors set out in 18 U.S.C. § 3553(a).

### V

We conclude that the "travel fraud" statute, 18 U.S.C. § 2314, covers not only inducing the ultimate target of a fraud to cross a state line, but also inducing the agent of that target to cross a state line. We therefore hold that there was sufficient evidence to permit the jury to find that the government had proved the essential elements of that crime beyond a reasonable doubt.

We also hold that the district court did not err in ordering that Steffen's sentences in this case be served consecutively to an undischarged sentence in an unrelated case.

AFFIRMED.