### UNITED STATES of America
Plaintiff–Appellee,

v.

### Rafael CAMPOS–LOZANO,
Defendant–Appellant.

No. 00–10638.
D.C. No. CR–98–01398–FRZ.

United States Court of Appeals,
Ninth Circuit.

---

Submitted Aug. 14, 2001.*

Decided Aug. 28, 2001.

Before HAWKINS, TASHIMA and GOULD, Circuit Judges.

## MEMORANDUM **

In 1999, Rafael Campos–Lozano was convicted of illegal re-entry after deportation pursuant to 8 U.S.C. § 1326, and received a 12 month sentence, plus a three-year term of supervised release After serving his prison term, Campos–Lozano subsequently re-entered the country illegally, a violation of the terms of his supervised release. In a consolidated hearing, the district court sentenced Campos–Lozano to 47 months on the new illegal re-entry charge and 18 months on the supervised release violation, to run consecutively.

Campos–Lozano appeals only the 18 month sentence. We have jurisdiction pursuant to 18 U.S.C. § 3231, and 28 U.S.C. § 1291. We affirm.

Campos–Lozano contends that the district court erred by imposing consecutive sentences. This contention lacks merit. The record shows that the district court gave due consideration to the factors outlined in 18 U.S.C. § 3553(a), and that it acted within its discretion when it imposed consecutive sentences. *See* 18 U.S.C. § 3584(a), (b) (requiring court to take into account factors set forth in 18 U.S.C. § 3553(a)); U.S.S.G. §§ 5G1.3, 7B1.3(f); *United States v. Steffen,* 251 F.3d 1273, 1278 (9th Cir.2001) (stating that sentencing guidelines do not divest sentencing court of its duty to consider the § 3553(a) factors).

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

