**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Efren DUARTE–CORONA,**
**Defendant–Appellant.**

**No. 01–10228.**

**D.C. No. CR–00–00068–HDM.**

United States Court of Appeals,
Ninth Circuit.

Nov. 5, 2001 *.

Decided Nov. 14, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before KLEINFELD, McKEOWN and FISHER, Circuit Judges.

## MEMORANDUM **

Efren Duarte–Corona appeals his 52–month sentence following a guilty plea conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part for resentencing.

◼ Duarte–Corona contends that the district court erred when imposing consecutive sentences by failing to consider the factors set forth in U.S.S.G. § 5G1.3. We review for plain error the district court's decision to impose consecutive sentences where the defendant failed to raise the issue before the district court. *See United States v. Chea,* 231 F.3d 531, 535 (9th Cir.2000).

Indeed, our review of the record shows that the district court failed to give due consideration to the factors enumerated in U.S.S.G. § 5G1.3. See 18 U.S.C. §§ 3584, 3553(a); *United States v. Steffen,* 251 F.3d 1273, 1278–79 (9th Cir.2001) (stating that the district court's explanation on the record "for imposing consecutive sentences constitutes sufficient evidence of appropriate consideration of factors set out in 18 U.S.C. § 3553(a)"). We therefore vacate only that portion of Duarte–Corona's sentence with instructions for the district court to explicitly consider the factors set forth in U.S.S.G. § 5G1.3 in its determination as to whether Duarte–Corona's sentence should run concurrent, partially concurrent, or consecutive to his state sentence.

◼ Duarte–Corona further contends that application of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), limits his sentence to two years because: he was not charged with and did not admit to having been deported after an aggravated felony; and no certified judgment was presented at sentencing. We review for plain error, *see United States v. Arellano–Rivera,* 244 F.3d 1119, 1127 (9th Cir.2001) (citation omitted), and conclude that Duarte–Corona's contention is foreclosed by our decision in *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2000) (stating that "[t]he district court was entitled to consider any prior aggravated felony convictions in sentencing [a defendant] for illegal reentry even though such conduct had not been charged in the indictment, presented to a jury, and proved beyond a reasonable doubt."), *cert. denied,* 532 U.S. 966, 121 S.Ct. 1503, 149 L.Ed.2d 388 (2001).

AFFIRMED in part and VACATED and REMANDED in part for RESENTENCING.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.