**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronald Henry MICHEL, aka Dave Mullins, aka Ron Petersen, aka Ron Ross, aka Ron Greene, aka Ron Burke, Defendant—Appellant.**

No. 02–50013.
D.C. No. CR–99–00092–DOC–1.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 21, 2003.

Before BEEZER, KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM **

Ronald Henry Michel appeals his 84–month sentence imposed following his guilty plea conviction for two counts of mail fraud and aiding and abetting, two counts of wire fraud and aiding and abetting, and one count of money laundering and aiding and abetting, in violation of 18 U.S.C. §§ 1341, 1343, 1956(a)(1)(A)(i), and 2, respectively. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for plain error the district court's interpretation of the sentencing guidelines. *United States v. Steffen,* 251 F.3d 1273, 1275 (9th Cir.2001). We affirm.

Michel contends that the district court properly applied the 1993 version of the sentencing guidelines to his case, but contends that his fraud and money laundering offenses should have been grouped for the calculation of his base offense level in accordance with the 2001 amendment to U.S.S.G. § 2S1.1. We disagree, as an amendment to the sentencing guidelines should only be applied retroactively if it clarifies rather than changes the applicable law. *See United States v. Johns,* 5 F.3d 1267, 1269–70 (9th Cir.1993). Under Ninth Circuit caselaw, the 1993 guidelines did not permit grouping of fraud and money laundering offenses. *See United States v. Martin,* 278 F.3d 988, 1003 (9th Cir. 2002). In 2001, the sentencing commission "completely revamped" the guideline governing money laundering and fraud by allowing grouping of the offenses. *See id.* The district court properly declined to apply the 2001 amendment in calculating Michel's base offense level because the 2001

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

amendment was substantive rather than clarifying. *See Johns,* 5 F.3d at 1270.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

