**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Felix GUTIERREZ–LOPEZ, Defendant—Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Felix Gutierrez–Lopez, Defendant–Appellant.**

Nos. 02–10571, 02–10572.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2003.*

Decided May 19, 2003.

Before: PREGERSON, REINHARDT, and GRABER, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Felix Gutierrez–Lopez appeals the 26–month sen-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tence imposed following his guilty plea conviction for unlawful reentry of a deported alien, a violation of 8 U.S.C. § 1326, and the 11–month sentence imposed for violating the terms of his release. We affirm in part, and dismiss in part based on lack of jurisdiction.

Gutierrez–Lopez argues that he should not have been sentenced pursuant to 8 U.S.C. § 1326(b)(2) (enhancing the penalty for aliens whose "removal was subsequent to a conviction for commission of an aggravated felony") because his removal was accomplished through the reinstatement of a prior removal order. We recently rejected this argument in *United States v. Luna–Madellaga,* 315 F.3d 1224, 1225–26 (9th Cir.2003) ("That the 1999 removal order was accomplished by reinstatement of his 1995 removal order is of no consequence. Therefore, he is subject to the enhanced penalty prescribed by § 1326(b)(2)[.]").

Gutierrez–Lopez next challenges the district court's decision not to grant him a downward departure from the Sentencing Guidelines for "savings to the government." The district court recognized that it had the power to depart but declined to do so. In these circumstances, we do not have jurisdiction to review this claim. *United States v. Wetchie,* 207 F.3d 632, 636 (9th Cir.2000) ("[A] discretionary refusal to depart downward is not reviewable in this court.").

Finally, Gutierrez–Lopez argues that his sentence for violating the terms of his supervised release should not run consecutive to his sentence for unlawfully entering the country. We disagree. The district court had ample grounds for imposing consecutive rather than concurrent sentences.

*United States v. Steffen,* 251 F.3d 1273, 1277–78 (9th Cir.2001); 18 U.S.C. § 3553.

**AFFIRMED** in part and **DISMISSED** in part.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.