**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Roderick MOEMBERG, Defendant— Appellant.**

No. 03–30412.

D.C. No. CR–00–00123–1–BLW.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 28, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

626

Michael Fica, Jack B. Haycock, Esq., USPO—Office of the U.S. Attorney, Pocatello, ID, for Plaintiff-Appellee.

Steven V. Richert, Federal Defenders of Eastern Washington and Idaho, Pocatello, ID, for Defendant-Appellant.

Before LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM**

Roderick Rodney Moemberg appeals the district court's sentence of twelve months for violations of conditions of release. The district court directed that this sentence be served consecutively to a state sentence imposed for the same criminal conduct which constituted a violation of the conditions of his supervised release. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The district court's application of the Sentencing Guidelines is reviewed de novo. *United States v. Garcia,* 323 F.3d 1161, 1164 (9th Cir.2003). We review the district court's application of the Sentencing Guidelines to the facts of the case for an abuse of discretion. *United States v. Technic Servs., Inc.,* 314 F.3d 1031, 1038 (9th Cir.2002).

Moemberg argues that the district court should have considered on the record Sentencing Guidelines § 5G1.3(b)[1] and/or (c).[2] Application Note 6 to § 5G1.3 instructs that a defendant who was on supervised release at the time of the offense for which he is being sentenced and has had his supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the sentence imposed for the violation of super-

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. § 5G1.3(b) states: "If subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment."

2. § 5G1.3(c) states: "(Policy Statement) In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

vised release to "provide for an incremental penalty" for the violation of supervised release. We hold that subsection (b) of § 5G1.3 is not applicable to the facts of this case. *See United States v. Bernard,* 48 F.3d 427, 430–31 (9th Cir.1995) (holding that sentence imposed for an offense committed while on supervised release should be served consecutively to the sentence for the violation of the supervised release).

The sentence imposed by the district court, which will run consecutively to the state sentence, does not violate the policy statement contained in subsection (c). The district court stated that Moemberg's sentence would run consecutive to the state sentence because the court believed that "there has to be an additional sanction imposed because of your conduct beyond what was imposed in state court." Moemberg was punished in state court for the crime of attempting to elude an officer whereas his federal sentence is punishment for violating the terms of his supervised release.

■ Moemberg argues in the alternate that if neither § 5G1.3(b) or (c) applies but § 7B1.3(f) does, the district court abused its discretion by imposing a term of imprisonment of twelve months to run consecutive to the state sentence because it did not consider the factors enumerated in 18 U.S.C. § 3553(a). Sentencing Guidelines § 7B1.3(f) entitled "Revocation of Probation or Supervised Release (Policy Statement)" provides guidance regarding what action a district court should take in Moemberg's situation. § 7B1.3(f) provides that:

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from

the conduct that is the basis of the revocation of probation or supervised release.

The provisions of Chapter 7 are advisory policy statements and not mandatory. *See United States v. George,* 184 F.3d 1119, 1121–22 (9th Cir.1999).

Under 18 U.S.C. § 3584(b) a district court is required to consider the factors set forth in 18 U.S.C. § 3553(a) in determining whether to impose a consecutive rather than a concurrent sentence. *United States v. Steffen,* 251 F.3d 1273, 1278 (9th Cir.2001). Moemberg argues that the district court erred by not considering the impact of the underlying sentence, made no mention of the sentencing factors, and did not after a careful consideration of the factors determine based on those factors whether a concurrent, partially concurrent, or consecutive sentence would achieve a reasonable punishment.

The district court, at sentencing stated that:

> This sentence shall run consecutive to the defendant's state sentence that you are currently serving. I think there has to be an additional sanction imposed because of your conduct beyond what was imposed in state court. I'm taking into account the fact that you were on supervised release with this Court at the time you committed that offense.

> In imposing this sentence, I have considered the sentencing guidelines and its commentary and policy statements and feel that the 12–month sentence to run consecutive to your state sentence is appropriate and consistent with those guidelines, commentary and policy statements.

The district court clearly realized that Moemberg was subject to an undischarged state sentence and said that it believed that the "12–month sentence to run con-

secutive to your state sentence is appropriate." The district court need not specifically enumerate the sentencing factors in determining whether a consecutive sentence is appropriate. *See Steffen,* 251 F.3d at 1278–79.

We hold that the district court's statements during sentencing constituted a sufficient record of appropriate consideration of the factors set out in 18 U.S.C. § 3553(a).

AFFIRMED.