sis. *See Cook v. United States,* 386 F.3d 949, 950 (9th Cir.2004) (order).

AFFIRMED.

UNITED STATES of America, Plaintiff—Appellee,

v.

Todd Francis HALLAM, Defendant— Appellant.

No. 04–30181.

D.C. No. CR–02–05716–FDB.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2005.*

Decided Jan. 18, 2005.

Bruce F. Miyake, Esq., James T. Chou, Esq., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Miriam F. Schwartz, Esq., Federal Public Defender's Office, Tacoma, WA, for Defendant–Appellant.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Todd Francis Hallam appeals the 30–month sentence imposed following his guilty-plea conviction of possession of an unregistered silencer, in violation of 26 U.S.C. §§ 5861(i) and 5871. We have jurisdiction pursuant to 18 U.S.C. § 3742(a), and we affirm.

Hallam contends that the district court abused its discretion by imposing his federal sentence consecutive to his prior undischarged state sentences without adequately considering the sentencing factors set forth in Application Note 3 to U.S.S.G. § 5G1.3(c).

The district court considered the Presentence Report, which set forth Hallam's criminal history, the circumstances of his prior state offenses, the nature of the undischarged state sentences, and contained the probation officer's detailed recommendation for the imposition of a consecutive sentence. At sentencing, the district court heard argument on the issue and imposed a consecutive sentence. Accordingly, we conclude that the decision to make the sentence consecutive was not an abuse of discretion. *See United States v. Steffen,* 251 F.3d 1273, 1278–79 (9th Cir.2001) (concluding that the district court's consideration of the applicable sentencing factors was satisfactory where the district court's explanation did not specifically enumerate each factor); *see also United States v. Cervantes–Valenzuela,* 931 F.2d 27, 29 (9th Cir.1991) (per curiam) (stating that simply because the court focused on "one particularly important factor does not mean that it failed to consider the others or that the sentence was imposed in violation of the law").

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

