UNITED STATES of America,
Plaintiff–Appellee,

v.

Shannun JONES, aka Roc Jackson,
aka Kevin Miller, Defendant–
Appellant.

No. 04–50340.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 18, 2005.

Robert C. Stacy, II, Esq., Office of the
U.S. Attorney, Riverside, CA, Ellen M.
Barry, Esq., Law Offices of Ellen M. Bar-
ry, Los Angeles, CA, for Defendant–Ap-
pellant.

Before: T.G. NELSON, WARDLAW,
and TALLMAN, Circuit Judges.

MEMORANDUM **

Shannun Jones appeals his 30–month
sentence imposed after pleading guilty to
wire fraud, in violation of 18 U.S.C.
§ 1343. We have jurisdiction pursuant to
28 U.S.C. § 1291, and we affirm in part
and dismiss in part.

■ Jones contends that the district
court erred when it failed to articulate its
reasons for imposing a consecutive rather
than a concurrent sentence. The district
court considered the presentence report,
which set forth Jones' criminal history, the
circumstances of his prior offenses, and

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

the nature of the undischarged federal sentence. The district court also reviewed sentencing memoranda from both parties and heard argument on the issue. Accordingly, we conclude that the decision to make the sentence consecutive was not an abuse of discretion. *See United States v. Steffen,* 251 F.3d 1273, 1278–79 (9th Cir. 2001) (concluding that the district court's consideration of the applicable sentencing factors was satisfactory where the district court's explanation did not specifically enumerate each factor).

█ Jones also contends that *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), mandates a remand of his sentencing.[1] However, we dismiss this contention in light of the valid appeal waiver. *See United States v. Nguyen,* 235 F.3d 1179, 1182 (9th Cir.2000) (stating that an appeal waiver is valid when it is entered into knowingly and voluntarily); *see also United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005) (holding that the changes in sentencing law imposed by *Booker* did not render waiver of appeal involuntary and unknowing).

AFFIRMED in part; DISMISSED in part.

---

1. Appellant's February 24, 2005, motion to file a supplemental brief is granted. The Clerk shall file the supplemental brief received on February 24, 2005.

