**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10565 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00099-LRH-VPC-1 |
| v. | |
| HUNG QUOC BUI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted December 6, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Hung Quoc Bui ("Bui") appeals his 78-month sentence for three counts of

Access Device Fraud, 18 U.S.C. § 1029(a)(2), and three counts of Aggravated

Identity Theft, 18 U.S.C. § 1028A. Bui complains that the district court plainly

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

erred when it: 1) failed to properly consider and apply United States Sentencing

Guidelines ("U.S.S.G.") § 5G1.2 in sentencing Bui consecutively on two of his

Access Device Fraud convictions; and 2) failed to properly address U.S.S.G.

§ 5G1.2, Application Note 2(B), when imposing consecutive sentences on two of

Bui's Aggravated Identity Theft convictions.  Bui further complains that the

district court's decision to run two of the Aggravated Identity Theft sentences

consecutively was based on its clearly erroneous finding that multiple victims were

involved in those counts.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and

we affirm.[1]

"A district court's sentencing decisions are generally reviewed for abuse of

discretion."  *United States v. Rangel*, 697 F.3d 795, 800 (9th Cir. 2012).  "Only a

procedurally erroneous or substantively unreasonable sentence should be set

aside."  *Id.*  Where, as here, "a procedural sentencing error is raised for the first

time on appeal, it is reviewed for plain error."  *Id.*  To show "plain error," a

defendant must demonstrate that:

> (1) there is an "error"; (2) the error is "clear or obvious, rather than
> subject to reasonable dispute"; (3) the error "affected the appellant's
> substantial rights, which in the ordinary case means" it "affected the
> outcome of the district court proceedings"; and (4) "the error seriously

---

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Marcus*, 130 S. Ct. 2159, 2164 (2010) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). Bui has not pointed to any plain error.

First, the district court permissibly imposed consecutive sentences on two of Bui's convictions pursuant to the court's statutory authority under 18 U.S.C. § 3584. The court was therefore not required to address U.S.S.G. § 5G1.2(c). *See Rangel*, 697 F.3d at 801 n.3; *see also United States v. Steffen*, 251 F.3d 1273, 1278 (9th Cir. 2001) ("We have made clear that the Sentencing Guidelines do not and cannot deprive the district court of the discretion it is directed to exercise under" 18 U.S.C. § 3584(b) and "18 U.S.C. § 3553(a) in determining whether to impose a consecutive rather than a concurrent sentence."). In addition, Bui's argument that the district court intended to sentence Bui consecutively as to the Access Device Fraud counts only if permitted by the Guidelines is not borne out by the record.

Second, the court did not plainly err by imposing consecutive sentences on two of Bui's Aggravated Identity Theft counts because the court sufficiently addressed the factors set forth in the U.S.S.G. § 5G1.2,

Application Note 2(B), when it discussed the seriousness of Bui's offense and the purposes of sentencing underlying 18 U.S.C. § 3553(a).  Bui's related argument that the district court clearly erred in determining the Aggravated Identity Theft counts involved multiple victims fails as well. Even assuming the district court erred, any error was harmless because the court retained the discretion to sentence Bui consecutively regardless of the number of victims.  *See* U.S.S.G. § 5G1.2, Application Note 2(B) (recommending, but not mandating, the imposition of concurrent sentences when counts are groupable based on the number of victims).

**AFFIRMED.**