# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

BLAINE TRAVIS FIFIELD,
　　　　　　　　*Defendant-Appellant.*

No. 04-30299

D.C. No.
CR-03-00042-DWM

OPINION

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Argued and Submitted
December 5, 2005—Seattle, Washington

Filed December 30, 2005

Before: Ronald M. Gould and Marsha S. Berzon,
Circuit Judges, and William W Schwarzer,* District Judge.

Opinion by Judge Berzon

---

*The Honorable William W Schwarzer, Senior United States District
Judge for the Northern District of California, sitting by designation.

## COUNSEL

Anthony R. Gallagher, Federal Defender and John Rhodes, Assistant Federal Defender, Missoula, Montana, for the defendant-appellant.

William W. Mercer, United States Attorney and Kris A. McLean, Assistant United States Attorney, Missoula, Montana, for the plaintiff-appellee.

## OPINION

BERZON, Circuit Judge:

Blaine Fifield pleaded guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and one count of unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3). The district court sentenced him to fifty-four months imprisonment on each count. The court ordered that these sentences run concurrently with each other but consecutively to two sentences imposed previously by a Montana state court.

On appeal, Fifield presents three questions relating to the district court's decision to make the federal sentences run consecutively to the state sentences. First, he argues that under Federal Rule of Criminal Procedure 32, he was entitled to specific notice that the district court was considering ordering the sentences to run consecutively. Second, he contends that the district court violated 18 U.S.C. §§ 3584 and 3553 by failing to state in open court its reasons for deciding to run the sentences consecutively. Third, he maintains that the decision to run the sentences consecutively violated his Sixth Amendment right to a jury trial because the decision was based on facts that were neither found by a jury nor admitted.

We disagree with all three procedural contentions. We do, however, remand under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc), for a determination of whether the district court would have imposed a materially different sentence if it had known that the Sentencing Guidelines were advisory.

## I.

Blaine Fifield was sentenced in Montana state court, on March 13, 2003, for Assault with a Weapon, a felony under Montana law. The sentence, according to the presentence report, was "5 years deferred." Under state law, such a sentence means that pronouncement of a sentence of imprisonment is deferred for a five-year probationary period, and that the charge can be dismissed, and no sentence of imprisonment pronounced, if probation is successfully served. *See* Mont. Code Ann. § 46-18-204. As one of the conditions of his probation, Fifield was prohibited from possessing any firearm.

Shortly thereafter, on March 20, 2003, Fifield's probation officer and local law enforcement officers searched Fifield's home and found six firearms, as well as methamphetamine, marijuana, and drug lab paraphernalia. Fifield tested positive for the use of methamphetamine and marijuana and admitted to use of these drugs.

The events of March 20 resulted in the revocation of Fifield's probation for his Montana Assault with a Weapon conviction. In addition, Fifield pleaded guilty in 2003 in state court to Criminal Possession of Dangerous Drugs, in violation of Montana law, for the drugs found during the March 20 search. In 2004, Fifield pleaded guilty in federal court to two additional offenses arising out of the March 20 events: (1) felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and (2) unlawful user of a controlled substance in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).

On August 14, 2003, Fifield was sentenced in Montana court to a term of imprisonment of twenty years with twelve years suspended for his prior Assault with a Weapon conviction.[1] In addition, he was sentenced to a suspended term of

---

[1] *See* Mont. Code Ann. § 46-18-201 to 204 (outlining the relevant law relating to suspended and deferred sentences).

five years for his Criminal Possession of Dangerous Drugs conviction. The Montana court ordered that the two sentences run concurrently with each other.

On July 6, 2004, the district court sentenced Fifield for the two federal offenses, applying the 2003 edition of the United States Sentencing Guidelines ("Guidelines") and treating them as mandatory.[2] The district court determined that under U.S.S.G. § 2K2.1(a)(4)(A), Fifield's base offense level was twenty, as he committed the offenses at issue after he was convicted of Assault with a Weapon, a "felony conviction of . . . a crime of violence." U.S.S.G. § 2K2.1(a)(4)(A). In addition, the district court increased Fifield's offense level by two levels, pursuant to § 2K2.1(b)(1)(A), because his offense involved six firearms. The court then adjusted downward three levels for acceptance of responsibility to reach a total offense level of nineteen. It determined that Fifield had a criminal history category of IV, and that the applicable Guidelines range was therefore forty-six to fifty-seven months.

The district court sentenced Fifield to fifty-four months imprisonment on each count. The court ordered that these sentences run concurrently with each other but consecutively to the Montana sentences for Assault with a Weapon and Criminal Possession of Dangerous Drugs.[3]

---

[2]Unless otherwise indicated, all citations in this opinion are to the 2003 edition of the Guidelines, which became effective November 1, 2003.

[3]There is a discrepancy between the sentence pronounced at the sentencing hearing and the written judgment. At the sentencing hearing, the district court ordered that the federal sentences run consecutively to both Montana sentences. The judgment, however, states that the federal sentences should run consecutively to the Assault with a Weapon sentence and concurrently with the Criminal Possession of Dangerous Drugs sentence.

When there is a discrepancy between an unambiguous oral pronouncement of a sentence and the written judgment, the oral pronouncement controls. *See United States v. Bergmann*, 836 F.2d 1220, 1222 (9th Cir. 1988). We therefore conclude that Fifield's federal sentences run consecutively to both state sentences.

## II.

Fifield first contends that the district court violated Federal Rule of Criminal Procedure 32 by failing to provide him with notice that it was considering imposing sentences that would run consecutively to the state sentences.[4]

---

[4]As pertinent here, Rule 32 provides:

(h)  Notice of Possible Departure from Sentencing Guidelines. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

(i)  Sentencing.

(1)  In General. At sentencing, the court:

(A)  must verify that the defendant and the defendant's attorney have read and discussed the presentence report and any addendum to the report;

(B)  must give to the defendant and an attorney for the government a written summary of — or summarize in camera — any information excluded from the presentence report under Rule 32(d)(3) on which the court will rely in sentencing, and give them a reasonable opportunity to comment on that information;

(C)  must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence; and

(D)  may, for good cause, allow a party to make a new objection at any time before sentence is imposed.

. . . .

(4)  Opportunity to Speak.

(A)  By a Party. Before imposing sentence, the court must:

(i)  provide the defendant's attorney an opportunity to speak on the defendant's behalf;

(ii)  address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and

The record establishes that Fifield received no specific notice that the court was considering imposing consecutive sentences, and the government does not so contend. The presentence report prepared by the United States Probation Office did not discuss whether the sentences should be concurrent or consecutive, neither party addressed the issue, and the court did not mention the issue prior to the announcement of the sentence at the sentencing hearing. Fifield's argument is, however, meritless, because Rule 32 neither explicitly nor implicitly requires any such specific notice under the present circumstances.

### A.

First, no section of Rule 32 explicitly requires such notice.

[1] Section (h), the only section of Rule 32 that explicitly requires any kind of notice, states that "[b]efore the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P. 32(h).[5] In *United States v. Williams*, 291 F.3d 1180 (9th Cir. 2002), we held that when the imposition of consecutive sentences is a departure from the Guide-

---

(iii)   provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

FED. R. CRIM. P. 32(h)-(i).

[5]We do not decide in this case whether the notice requirement in Rule 32(h) applies after *United States v. Booker*, 125 S. Ct. 738, 750 (2005). *Cf. United States v. Menyweather*, No. 03-50496, 2005 WL 3440800, at *7 (9th Cir. Dec. 16, 2005) (holding that post-*Booker*, a district court must still determine whether it has departed from the Guidelines and concluding that "after *Booker*, the district court still is 'required to articulate the reasons for the extent of the departure in sufficiently specific language to allow appellate review' " (internal quotation marks omitted)).

lines, Rule 32(h) requires specific notice of both the fact that consecutive sentences are being considered and also the grounds for the departure. *See id.* at 1192-93. Contrary to the assertions of Fifield, however, *Williams* did not hold more broadly that specific notice is required any time a court is considering imposing consecutive sentences. Whether notice was required by section (h) thus depends on whether the imposition of consecutive sentences was a departure from the Guidelines. The Guidelines did not call for concurrent sentences in Fifield's case, however, and the imposition of consecutive sentences was therefore not a departure.

Section 5G1.3 of the Guidelines divides cases in which defendants are, at the time of sentencing, subject to an existing undischarged term of imprisonment into three categories, providing for consecutive sentences for cases falling under § 5G1.3(a), concurrent sentences for cases falling under § 5G1.3(b), and concurrent, partially concurrent, or consecutive sentences for cases falling under § 5G1.3(c).[6] *See*

---

[6]Section 5G1.3 provides, in full:

   (a)   If the instant offense was committed while the defendant was serving a term of imprisonment (including work release, furlough, or escape status) or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment.

   (b)   If subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:

   (1)   the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and

U.S.S.G. § 5G1.3. The imposition of consecutive sentences is thus a departure from the Guidelines only in cases that fall under § 5G1.3(b).[7] *See United States v. Kikuyama*, 150 F.3d 1210, 1213 (9th Cir. 1998); *cf. Williams*, 291 F.3d at 1192.

---

(2)   the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

(c)   (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

U.S.S.G. § 5G1.3.

[7]At oral argument, Fifield's counsel stated that § 5G1.3 was amended in 2004 and that the current version of § 5G1.3 is different from the 2003 version. This statement is incorrect. *See* U.S.S.G. § 5G1.3 hist. n. (2005) (noting that the most recent amendment to § 5G1.3 became effective November 1, 2003). It may be that Fifield's counsel mistakenly thought that the "2003 edition" of the Guidelines referred to the edition that became effective November 1, 2002. The spine of each official Guidelines manual, however, refers to the year the version became effective. For example, the United States Sentencing Commission Guidelines Manual denominated "2004" on its spine states, on the cover, that it "[i]ncorporat[es] guideline amendments effective November 1, 2004."

Even under the 2002 edition of the Guidelines, however, Fifield's argument that the imposition of consecutive sentences was a departure from the Guidelines fails. The 2002 edition of the Guidelines would have called for the imposition of consecutive sentences. *See* U.S.S.G. § 5G1.3 cmt. n.6 (2002) ("If the defendant was on . . . state probation . . . at the time of the instant offense, and has had such probation . . . revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation . . . ."); *United States v. Arellano-Torres*, 303 F.3d 1173, 1181 (9th Cir. 2002) (holding that under the 2001 Guidelines, which are identical in all material respects to the 2002 Guidelines, application note 6 applied to a defendant who committed his federal offense while he was on probation for a suspended term of imprisonment for a state offense that was subsequently revoked). Thus, the imposition of consecutive sentences would not have constituted a departure from the 2002 Guidelines either.

**[2]** The present case falls under § 5G1.3(c), not § 5G1.3(b). Application Note 3(C) states that "[s]ubsection (c) applies in cases in which the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense and has had such probation, parole, or supervised release revoked." *Id.* § 5G1.3 cmt. n.3(C). Fifield committed the federal offenses while he was serving a five-year period of probation. Because the conduct underlying the federal crimes violated the terms of his probation, the Montana court revoked his probation and sentenced him to the twenty-year term with twelve years suspended. Under application note 3(C), therefore, § 5G1.3(c) applies to Fifield's case.

Fifield contends that § 5G1.3(b) applies because his offense level was increased on the basis of one of his state convictions, but this contention is incorrect. Section 5G1.3(b) applies when

> subsection (a) does not apply, and a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § 1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments). . . .

U.S.S.G. § 5G1.3(b). Application note 2(B) clarifies that

> [s]ubsection (b) does not apply in cases in which the prior offense increased the Chapter Two or Three offense level for the instant offense but was not relevant conduct to the instant offense under § 1B1.3(a)(1), (a)(2), or (a)(3) (*e.g.*, . . . the prior offense was a crime of violence for which the defendant received an increased base offense level under § 2K2.1 . . .).

*Id.* § 5G1.3 cmt. n.2(B).

Fifield's two undischarged state sentences were for Criminal Possession of Dangerous Drugs and Assault with a Weapon. As for the former offense, neither the fact of conviction for Criminal Possession of Dangerous Drugs nor the conduct underlying the conviction was the basis for increasing Fifield's offense level for the federal offenses. As for the latter offense, while the fact of conviction for Assault with a Weapon was the basis for an increase in Fifield's offense level pursuant to § 2K2.1(a)(4)(A), application note 2(B) of § 5G1.3 makes clear that §5G1.3(b) does not apply, because the Assault with a Weapon *conviction* was not relevant conduct under § 1B1.3.

Nor was the *conduct* underlying the Assault with a Weapon conviction relevant conduct to the instant offense. The Assault with a Weapon offense was committed well before the federal offense in which Fifield possessed six firearms and was based on events that were completely separate from the events that were the basis for the federal convictions. True, the March 20 possession of firearms resulted in an increased offense level. The discovery of the firearms also triggered the revocation of Fifield's probation for the Assault with a Weapon conviction and imposition of the previously deferred sentence. The resulting state sentence, however, was for the earlier Assault with a Weapon offense, not for the firearms found on March 20.

**[3]** We conclude, therefore, that § 5G1.3(c) applies to Fifield's sentence. Because § 5G1.3(c) states that a district court may make the federal sentence "run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment," the district court's decision to impose consecutive sentences was not a departure from the Guidelines. Consequently, section (h) of Rule 32 did not require notice that the court was considering imposing consecutive sentences.

## B.

Rule 32 also does not implicitly require such notice.

**[4]** We have held that there is an implicit notice requirement in Rule 32 for sentencing decisions that are "analog-[ous]" to an upward departure in that they are "not expressly contemplated by the guidelines" and are therefore "outside [of] . . . the range of expectations." *United States v. Lopez*, 258 F.3d 1053, 1056 (9th Cir. 2001); *see also Burns v. United States*, 501 U.S. 129, 138 (1991) (holding that the notice requirement now codified in section (h) was implicit in an earlier version of Rule 32, which did not contain what is now section (h)); *United States v. Wise*, 391 F.3d 1027, 1033 (9th Cir. 2004) (holding that a defendant is entitled to notice that a court is considering imposing a condition on supervised release when that condition is not one of the conditions listed in the Guidelines). When sentencing decisions are expressly contemplated by the Guidelines, however, we have held that Rule 32 does not impose an additional specific notice requirement. *See, e.g.*, *Lopez*, 258 F.3d at 1056 (holding that there is no notice requirement that a court is considering imposing one of the discretionary conditions on supervised release listed in the Guidelines).

**[5]** In the present case, both 18 U.S.C. § 3584 and U.S.S.G. § 5G1.3(c) indicate that the court could run Fifield's federal sentences concurrently with or consecutively to his state sentences. *See* 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt."); U.S.S.G. § 5G1.3(c) (stating that for cases falling under that subsection, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment"). Consequently, unlike the

defendants in *Wise* and other cases in which we have found an implicit notice requirement, Fifield had reason to know that the court might impose consecutive sentences. Such a decision was expressly contemplated by both the Guidelines and the relevant statute. We therefore hold that under Rule 32, Fifield was not entitled to specific notice that the court was considering imposing federal sentences that would run consecutively to Fifield's undischarged state sentences.

## III.

Fifield next argues that the district court violated 18 U.S.C. §§ 3584 and 3553 by failing to state in open court its reasons for deciding to run the sentences consecutively. The district court stated on the record the following reasons for selecting Fifield's sentence:

> I find that, in my view, a sentence at the low end of the guidelines would be inappropriate. On the other hand, I'm not sure that a sentence at the high end of the guidelines, given the state sentence, and given the fact that I do believe there is an opportunity for you to participate in the 500-hour drug treatment program, that the extreme high end would be appropriate.

> The sentence that I have fashioned takes into account the need for punishment, for the offense of conviction. It takes into account the need to protect the community. I do believe that you need to get the lesson about recidivism. You can't engage in the kind of behavior that you've been involved in. Unfortunately or fortunately, whatever happened in the state court, my guess is if the judge up there had whacked you right off the bat, you may have changed your behavior. But you got a breaks [sic]. And like all people who get breaks, very few of you

> take advantage of it. And it didn't take you long to get back into drugs and guns.

> I do think, though, based on the Pre-Sentence Report, there is some, perhaps, minimal hope that you can turn things around and I hope that you do.

> . . . .

> Pursuant to the Sentencing Reform Act of 1984, it is my judgment that the defendant, Blaine Travis Fifield, be committed to the custody of the Bureau of Prisons for a term of 54 months on each count. Those counts will run concurrent.

> This sentence will be consecutive with DC 313103, which is criminal possession of drugs, and consecutive to DC 02554, assault with a dangerous weapon.

We hold that this statement was sufficient under §§ 3553 and 3584.

Section 3584(b) provides that "[t]he court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b). Section 3553(a), in turn, lists a number of factors that courts must consider when imposing sentences generally. *See id.* § 3553(a).[8]

---

[8]These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established by the Sentencing Guidelines; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants who have similar criminal records and have been found guilty of similar conduct; and (7) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Section 3553(c) requires that a court "state in open court the reasons for its imposition of the particular sentence" at the time of sentencing. *Id.* § 3553(c). Fifield argues that read together, these three sections — §§ 3584(b), 3553(a), and 3553(c) — impose a requirement to state in open court the reasons for making the choice between concurrent and consecutive sentences with reference to the factors listed in § 3553(a).

[6] *United States v. Steffen*, 251 F.3d 1273 (9th Cir. 2001), held that a court's statement need not specifically justify the choice between concurrent and consecutive sentences. In *Steffen*, we held that the following statement of a court satisfied the requirements of § 3584(b):

> I'm satisfied — because of the nature of the offense, the significant amount of fraud that was perpetrated on the victims in this case both monetarily and the nature and circumstances of the fraud and the relatively elaborate scheme that was involved in defrauding the victims over the period of time involved here satisfy the Court that — and coupled with the fact that the defendant is not a stranger to the criminal justice system and in fact has come very close to being classified as a career criminal in connection with fraudulent conduct satisfy the Court that the sentence at the higher end of the guideline range is appropriate, and I think the recommendation of the department is proper. It will therefore be the order and judgment of the Court that the defendant is sentenced to a term of 70 months, 70 months on Count III concurrent to the 60 months on Counts I and II. All will be concurrent with each other and consecutive to the sentence imposed in Case CR95-383-01.

*Id.* at 1278-79. As in Fifield's case, the explanation in *Steffen* did not specifically justify the choice between concurrent and

consecutive sentences, but did discuss the § 3553(a) factors. Under *Steffen*, consequently, the district court's explanation in this case was adequate.[9]

Fifield contends that *United States v. Conkins*, 9 F.3d 1377 (9th Cir. 1993), requires courts specifically to justify their choice between concurrent and consecutive sentences, but his argument is unavailing. True, *Conkins* held that a court's statement on the record was deficient and noted that the district court did not justify its choice between concurrent and consecutive sentences. *See id.* at 1385. The *Conkins* court, however, noted *many* deficiencies in the "cryptic" statement by the district court in that case, including that the statement "inadequately explain[ed] the court's reasons for choosing the particular sentence it imposed," and the district court did not "refer to any of the [§ 3553(a)] factors it was required by statute to consider." *Id*. Particularly in light of *Steffen*, we read *Conkins* as hinging on the failure to explain the sentence with regard to the § 3553(a) factors at all, despite the specific directive of § 3584 so requiring.

**[7]** Our understanding of *Conkins* and *Steffen* is bolstered by the language and legislative history of § 3584(a), which establishes presumptions that determine whether a sentence is to run concurrently with or consecutively to another sentence when a court is silent on the issue. *See* 18 U.S.C. § 3584(a)

---

[9]*United States v. Pedrioli*, 931 F.2d 31 (9th Cir. 1991), does not require that the court's statement in the record specifically justify the imposition of consecutive sentences in this case. *Pedrioli* held that when the Guidelines call for concurrent sentences and the court instead imposes consecutive sentences, the district court must follow the usual procedure for departures, including "that the district court specify the ground for its decision on the record, that the court make accurate findings of fact as to that ground, that the ground for departure be based on reasonable factors not considered by the guidelines, and that the extent of the departure be reasonable." *Id.* at 32 n.2. As was established in Part II, however, the imposition of consecutive sentences in this case was not a departure from the Guidelines. Thus, *Pedrioli* does not apply.

("Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); S. Rep. No. 98-225, at 127 (1983), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3310 ("Subsection (a) is intended to be used as a rule of construction in the cases in which the court is silent as to whether sentences are consecutive or concurrent, in order to avoid litigation on the subject."); *see also United States v. Chea*, 231 F.3d 531, 535 (9th Cir. 2000) ("Pursuant to 18 U.S.C. § 3584(a), in the absence of an order to the contrary, a federal sentence is to run consecutively to a prior state sentence."); *United States v. Joetzki*, 952 F.2d 1090, 1098 (9th Cir. 1991) (citing the legislative history with approval). Because § 3584(a) contemplates that district courts will sometimes *not* state whether a sentence is to run concurrently with or consecutively to another sentence, it follows that § 3584(b) could not possibly require that sentencing courts always specifically justify the choice between concurrent and consecutive sentences.

**[8]** In sum, Fifield's reliance on *Conkins* notwithstanding, the holding of *Steffen* and the language of § 3584(a) indicate that §§ 3584 and 3553 do not require that a district court always specifically justify its choice between concurrent and consecutive sentences. The court must, however, justify its choice of the sentence as a whole with reference to the factors listed in § 3553(a). The statement in the present case passes muster under §§ 3584 and 3553 because, like the statement upheld in *Steffen*, it refers with some case-specific detail to several factors listed in § 3553(a).

## IV.

Fifield next contends that his Sixth Amendment right to a jury trial was violated at sentencing. He argues that the decision that his federal sentences should run consecutively to his

state sentences was made on the basis of facts neither found by a jury nor admitted. Fifield's Sixth Amendment argument is rooted not in the unconstitutionality of the then-mandatory Guidelines, but rather in what he claims is the unconstitutionality of the court's imposition of consecutive sentences under 18 U.S.C. § 3584 on the basis of judge-found facts.

Fifield is correct that § 3584 contemplates judicial factfinding, which can, in turn, be the basis for the imposition of consecutive rather than concurrent sentences. Fifield is incorrect, however, in stating that the Sixth Amendment requires that "any fact that enhances a sentence must be pled and proven to a jury beyond a reasonable doubt." *United States v. Booker* stated that "[w]e have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range." 125 S. Ct. 738, 750 (2005). Furthermore, *Booker* held that "the selection of particular sentences in response to differing sets of facts" under an advisory Guidelines regime "would not implicate the Sixth Amendment." *Id.* at 742. Judicial factfinding does not, on its own, violate the Sixth Amendment, even when that factfinding is the basis for enhancing a defendant's sentence. Judicial factfinding *does* violate the Sixth Amendment, however, when that factfinding enhances the maximum sentence to which a defendant is subject. *See Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *see also Blakely v. Washington*, 542 U.S. 296, 303 (2004) ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*").

**[9]** Section 3584 does not require that a court find any particular fact before imposing consecutive sentences. Rather, § 3584 channels a court's discretion in only two ways, neither of which implicate the Sixth Amendment. First, § 3584(a)

states that a court may not impose consecutive sentences "for an attempt and for another offense that was the sole objective of the attempt." 18 U.S.C. § 3584(a). This limitation on a court's discretion turns, however, on a determination of law rather than a determination of fact and therefore presents no Sixth Amendment problems. Second, § 3584(b) instructs courts to consider the factors spelled out in § 3553(a) in deciding whether to impose concurrent or consecutive sentences. *See* 18 U.S.C. § 3584(b). Section 3584(b) does not, however, require that a court find any particular facts before imposing consecutive sentences.

**[10]** Because, under § 3584, a district court need not find any particular fact to impose consecutive sentences, the imposition of consecutive sentences does not violate the Sixth Amendment. *Cf. United States v. Dowd*, 417 F.3d 1080, 1089 (9th Cir. 2005) ("Because the [Guidelines] provision applied by the district court already gave it full discretion to impose a concurrent, partially concurrent or consecutive sentence, . . . a remand [for resentencing in light of *Booker*] is not warranted here.").

## V.

**[11]** Fifield also requests that we issue a limited *Ameline* remand in the event that we find none of the preceding arguments availing. Fifield was sentenced before *Booker*. Because it is not "possible to reliably determine from the record whether the sentence imposed would have been materially different had the district court known that the Guidelines were advisory," *Ameline*, 409 F.3d at 1084, we remand to the district court "to answer the question whether the sentence would have been different had the court known that the Guidelines were advisory." *Id.* at 1079; *see also United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) ("[D]efendants are entitled to limited remands in *all* pending direct criminal appeals involving unpreserved *Booker* error, whether constitutional or nonconstitutional.").

In conclusion, we remand for a determination of whether the district court would have imposed a materially different sentence had it known the Guidelines were advisory. We affirm the sentence on all other grounds.

**REMANDED.**