**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Guadalupe PENA–CARRILLO, Defendant—Appellant.**

**No. 05–30362.**

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted March 10, 2006.*

Decided March 14, 2006.

Jane M. Kirk, Esq., Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kurt Rowland, Esq., Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before: O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM **

Defendant–Appellant Guadalupe Pena–Carrillo appeals a 77–month sentence imposed following his guilty plea to one count of illegal re-entry after deportation. *See* 8 U.S.C. § 1326. We omit the relevant facts as they are known to the parties.

To the extent Pena–Carrillo argues that the district court erred because it did not recite on the record its analysis of each and every factor under 18 U.S.C. § 3553(a), this argument is foreclosed by our recent holding in *United States v. Knows His Gun*, 438 F.3d 913 (9th Cir. 2006). We reject Pena–Carrillo's argument because the "requirement [that the sentencing court consider the § 3553(a) factors] does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *Id.* at 918.

Pena–Carrillo also appears to argue that the district court erred because it failed to "provide a record reflecting that appropriate factors were considered."

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Specifically, Pena–Carrillo objects to his sentencing because the district court did not articulate its consideration of the alleged disparity among defendants sentenced in certain districts under fast-track sentencing programs and defendants sentenced in districts without such programs. *See* 18 U.S.C. § 3553(a)(6). We reject this claim as well. The existence of fast-track programs in other districts is irrelevant to Pena–Carrillo's sentencing because his prior felonies include sexual crimes against children, and defendants with a record of such crimes are generally ineligible for fast-track sentencing. *See United States v. Banuelos–Rodriguez,* 215 F.3d 969, 971 (9th Cir.2000) (en banc); *see also Implementing Requirements of the PROTECT Act: Hearing Before the U.S. Sentencing Comm'n* 10 (Sept. 23, 2003) (statement of Marilyn L. Huff, J., S.D. Cal.), *available at* http://www.ussc.gov/hearings/9_23_03/092303PH.pdf; *id.* at 18–19 (statement of Steven Hubachek, Asst. Fed. Pub. Defender, S.D. Cal.). Pena–Carrillo thus raises no disparity "among defendants with similar records," and the district court need not have articulated on the record its consideration of a patently irrelevant § 3553(a) factor.

In general, the record clearly establishes that the district court considered the statutorily-designated § 3553(a) factors in imposing a sentence. *See Knows His Gun,* 438 F.3d at 918–919; *United States v. Menyweather,* 431 F.3d 692, 696 (9th Cir. 2005). It also establishes that the district court considered the § 3553(a) factors in deciding that Pena–Carrillo's sentence should run consecutive to his existing state sentences. *See United States v. Fifield,* 432 F.3d 1056, 1064 (9th Cir.2005). Moreover, the district court fulfilled its obligation to provide a reasoned explanation for its sentencing decision sufficient to facilitate appellate review. *See Menyweather,* 431 F.3d at 701.

**AFFIRMED.**