**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Franco VERGARA–ROMANO, aka Rojelio Subrita–Lima, Defendant—Appellant.**

**No. 05–50072.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 27, 2006.

Karl A. Sandoval, Esq., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suit-

Jodi D. Thorp, Esq., Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

### MEMORANDUM **

Franco Vergara–Romano appeals from his 54–month sentence imposed following a guilty plea for three counts of unlawful entry into the United States, in violation of 8 U.S.C. § 1325. Vergara–Romano contends that the district court erred by failing to properly consider the sentencing factors of 18 U.S.C. § 3553, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), by improperly calculating his applicable Guidelines range, and by failing to state its reasoning before imposing a term of supervised release as mandated by 18 U.S.C. § 3553(c). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A district court's imposition of a sentence is reviewed for reasonableness. *See Booker*, 543 U.S. at 261–62, 125 S.Ct. 738. While "the district court must have sufficiently considered the Guidelines as well as the other factors listed in § 3553(a)," *Booker* "does not necessitate a specific articulation of each factor separately, but rather a showing that the district court considered the statutorily-designated factors in imposing a sentence." *United States v. Knows His Gun*, 438 F.3d 913, 918 (9th Cir.2006).

The record shows that the district court, in open court, properly considered the sentencing factors of 18 U.S.C. § 3553, including the advisory nature of the Guidelines, the relevant Guidelines range, the nature and seriousness of the offense, the history and characteristics of Vergara–Romano, and deterrence and protection of the public, before imposing its sentence. Accordingly, the sentence imposed did not violate *Booker*. *See Knows His Gun*, 438 F.3d at 918.

Vergara–Romano's contention that the district court erred in its calculation by applying the Guidelines to a misdemeanor count fails because it is not supported by the record.

Finally, Vergara–Romano contends that the district court failed to state its reasoning in open court before imposing a term of supervised release as required by 18 U.S.C. § 3553(c). The record belies this contention. *See United States v. Fifield*, 432 F.3d 1056, 1064 (9th Cir.2005).

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.