**UNITED STATES of America, Plaintiff—Appellee,**

v.

**William S. RAMOS, Defendant— Appellant.**

**No. 05–10453.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 15, 2006.

Edric Ching, Esq., USH—Office of the U.S. Attorney, Honolulu, HI, for Plaintiff–Appellee.

Georgia K. McMillen, Esq., Wailuku Maui, HI, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

### MEMORANDUM **

William S. Ramos appeals from the sentence imposed following his guilty plea to being a felon in possession of a firearm and ammunition in violation of 8 U.S.C. §§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

■ On appeal, Ramos makes three contentions regarding the district court's imposition of a 2–level increase in the offense level pursuant to U.S.S.G. § 2K2.1(b)(4), on the ground that the firearm was stolen. First, Ramos contends that the district court violated his Sixth Amendment rights by finding the facts to impose the increase. Here, because the district court's factual findings did not increase the statutory maximum sentence and because the district court applied the advisory Guidelines, we conclude that the district court did not violate Ramos' Sixth Amendment rights. *See United States v. Fifield,* 432 F.3d 1056, 1066 (9th Cir.2005).

■ Second, Ramos contends that the increase was improper because the evidence that the firearm was stolen was unreliable hearsay. This court has held that hearsay is admissible at sentencing so long as it is accompanied by some minimal indicia of reliability. *See United States v. Littlesun,* 444 F.3d 1196, 1200 (9th Cir. 2006). Here, Ramos has failed to state a reason why this court should distrust the statement contained in the presentence report, and did not contest the reliability of this statement in the proceedings before the district court. *See United States v. Romero–Rendon,* 220 F.3d 1159, 1163 n. 4 (9th Cir.2000) ("Where ... [the government] submits the PSR as proof, and the defendant submits no contrary evidence, the only evidence before the sentencing judge is the uncontroverted PSR. In these cases, a judge may rely on it to establish the factual basis for the enhancement."). Thus, we conclude that the statement is sufficiently reliable to support the district court's finding. *See United States v. Alonso,* 48 F.3d 1536, 1546 (9th Cir.1995). In addition, we reject Ramos' contention that the evidence is unreliable because it was not corroborated. *See id.* at 1546–47.

We decline to address Ramos' third contention, that his counsel was ineffective for failing to object to the increase, because claims of ineffective assistance of counsel are generally inappropriate on direct ap-

peal. *See United States v. Ross,* 206 F.3d 896, 900 (9th Cir.2000).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.