**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Demetrion Raymout CARSON,
Defendant—Appellant.**

No. 06–50269.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 7, 2007.

Filed March 21, 2007.

Becky S. Walker, Esq., USLA–Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Anne Gannon, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Robison D. Harley, Jr., Esq., Santa Ana, CA, for Defendant–Appellant.

Before: REINHARDT, BEEZER, and KOZINSKI, Circuit Judges.

### MEMORANDUM *

Carson appeals his sentence, and contends that the district court failed to give an adequate explanation for its decision to impose a federal sentence to run consecutively to, rather than concurrently with, the state sentence he received for an unrelated offense. *See* U.S. SENTENCING GUIDELINES MANUAL § 5G1.3(c) (2005). At sentencing, the district court considered, *inter alia*, Carson's criminal history, the nature and circumstances of the offense, the length and nature of the separate state sentence, the goals of federal sentencing, and Carson's family background. Because the district court referred with case-specif-

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ic detail to several factors listed in the Commentary to § 5G1.3 and 18 U.S.C. § 3553(a), its explanation was sufficient. *See United States v. Fifield,* 432 F.3d 1056, 1063–66 (9th Cir.2005).

To the extent that Carson argues that the district court departed upward from the Guidelines range, and thus was required by 18 U.S.C. § 3553(c)(2) to explain the reasons for its departure, his argument is meritless. Indeed, Carson's federal sentence was at the low point of the Guidelines range. The fact that his state and federal sentences, when combined, exceed the Guidelines range does not mean that the district court departed upward.

**AFFIRMED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.