**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Allen Ray JORDAN, Defendant— Appellant.**

**No. 06–10099.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2008.

Filed April 16, 2008.

William S. Wong, Esq., Thomas E. Flynn, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff–Appellee.

Jeffrey L. Staniels, Federal Public Defender's Office, Sacramento, CA, for Defendant–Appellant.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Allen Ray Jordan appeals the sentence imposed following his conviction on three counts related to manufacturing methamphetamine. We affirm.

## I

Jordan's related arguments with respect to laboratory capacity fail. The district court's finding by clear and convincing evidence that the laboratory was capable of manufacturing at least 3 kilograms of methamphetamine is well supported by the range of expert estimates at trial (from 11.6 grams of pure methamphetamine based on the amount of ephedrine and pseudoephedrine seized, to 36 kilograms based on an analysis of 16 gallons of a drug solution). Both application note 12 to USSG § 2D1.1, which is authoritative within the Guidelines scheme, *Stinson v. United States,* 508 U.S. 36, 42–43, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993), and case law indicate that the district court could arrive at drug quantity for purposes of setting the offense level by estimating laboratory capacity, *see United States v. August,* 86 F.3d 151, 154–55 (9th Cir.1996).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Because Jordan's sentences are within the statutory maximum, *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is not implicated by the finding of laboratory capacity in this case.

## II

Jordan was not entitled to an evidentiary hearing. *United States v. Sarno,* 73 F.3d 1470, 1502–03 (9th Cir.1995). He had the opportunity to rebut the drug quantity computations in the Presentence Report (PSR), and there was no need to resolve conflicting evidence in order for the court to find that Jordan's lab was capable of producing at least three kilograms of methamphetamine.

## III

No error occurred under *In re Winship,* 397 U.S. 358, 363–64, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). *See United States v. Staten,* 466 F.3d 708, 720 (9th Cir.2006); *United States v. Dare,* 425 F.3d 634, 642 (9th Cir.2005).

## IV

It was not unreasonable for the district court to impose consecutive sentences. Doing so here was consistent with the Guidelines, USSG § 5G1.2(d), and not inconsistent with the district court's obligations under 18 U.S.C. § 3553(a). The district court recognized its § 3553(a) responsibilities and selected an appropriate sentence in consideration of the § 3553(a) factors. Stacking sentences is permissible, *see United States v. Buckland,* 289 F.3d 558, 570 (9th Cir.2002), and does not involve judicial fact-finding that contravenes the Sixth Amendment. *United States v. Fifield,* 432 F.3d 1056, 1066–67 (9th Cir. 2005).

## V

As Jordan concedes, his ex post facto argument is foreclosed by *United States v. Dupas,* 419 F.3d 916, 920–21 (9th Cir. 2005).

AFFIRMED.