**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Peirri LEONARD, Defendant–
Appellant.**

**No. 07–10563.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 15, 2008.*

Filed Aug. 19, 2008.

Susan F. Knight, Esq., Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Lara Vinnard, Federal Public Defender's Office, San Jose, CA, for Defendant–Appellant.

Peirri B. Leonard, San Jose, CA, pro se.

Appeal from the United States District Court for the Northern District of California, Jeremy D. Fogel, District Judge, Presiding. D.C. No. CR 06–00780 JF.

Before: O'SCANNLAIN, SILVERMAN, Circuit Judges, and

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

SINGLETON,\*\* District Judge.

### MEMORANDUM \*\*\*

The Government submits that the district court correctly calculated the unadjusted criminal history category and then made an upward departure because it under-represented Defendant's history of criminal activity. While it is possible the district court made this mental journey, it did not document it in the record. We decline to speculate as to what the district court may have been thinking. *See e.g., United States v. Fifield*, 432 F.3d 1056, 1065 n. 9 (9th Cir.2005).

However, the error was harmless as it clearly did not affect the selection of the sentence. *See Williams v. United States*, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992); *United States v. Cantrell*, 433 F.3d 1269, 1280 n. 4 (9th Cir.2006). The district court made this explicit on the record: "it makes no difference, even if the Court should treat it as a category 5, the Court still views this as a case that merits a 21–month sentence under 3553, irrespective of the Guidelines." [1]

AFFIRMED.

---

\*\* Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Appellant's recent citation to *United States v. Langford*, 516 F.3d 205 (3d Cir.2008), is inapposite. Although the court rejected a presumption of harmless error where an actual sentence falls in the overlap between the correct and miscalculated sentencing ranges, the court distinguished circumstances where the record clearly demonstrates that the error would not have affected the sentence. *Langford*, 516 F.3d at 217–18. Here, it is abundantly clear from the record that Appellant would have received a 21–month sentence whether he was placed in category 5 or 6.

