

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50057 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00445-DSF-24 |
| v. | |
| ADRIAN PHILLIP SOLARZANO, aka Mr. Turtle, aka Turtle, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted November 7, 2012[**]
Pasadena, California

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Adrian Solarzano pleaded guilty to one count of racketeering conspiracy in

violation of 18 U.S.C. § 1962(d), one count of conspiracy to distribute and possess

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with intent to distribute methamphetamine in violation of 21 U.S.C. § 846, one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Solarzano to concurrent prison terms totaling 293 months, to be served consecutively to the remaining nine months of an undischarged state court sentence.

Solarzano's only argument on appeal is that the district court erred by ordering the federal sentences to run consecutively to the state court sentence. His arguments regarding § 5G1.3(b) of the United States Sentencing Guidelines, which were raised for the first time in the reply brief, are waived. *United States v. Anderson*, 472 F.3d 662, 668 (9th Cir. 2006). And his reliance on § 5G1.3(c) does not help him, because that subsection gives the district court discretion to impose either consecutive or concurrent sentences. *United States v. Fifield*, 432 F.3d 1056, 1061 (9th Cir. 2005).

In any event, the Guidelines are advisory. *United States v. Ameline*, 409 F.3d 1073, 1074 (9th Cir. 2005) (en banc). The district court acted within its

discretion by considering the factors set forth in 18 U.S.C. § 3553(a) in deciding to impose the consecutive sentences. *Fifield*, 432 F.3d at 1064–65.

**AFFIRMED.**