Susan Eileen Coleman, Esquire, Senior Litigation, Kristina Doan Gruenberg, Esquire, Burke, Williams & Sorensen, LLP, Los Angeles, CA, for Defendant–Appellee.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

### MEMORANDUM [**]

California state prisoner William Sutherland appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to medical needs in connection with degenerative disk problems in Sutherland's neck and back. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's sua sponte dismissal of the action as barred by res judicata. *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir.2005). We affirm.

The district court properly dismissed Sutherland's action as barred by the doctrine of res judicata because Sutherland could have litigated his claim against Underwood in a prior action, where he also alleged that prison officials were deliberately indifferent to his medical needs in

connection with degenerative problems in his neck and back and, as a result, he fell from his upper bunk and injured his shoulder. *See id.* at 1052 (setting out the elements of res judicata); *FTC v. Garvey*, 383 F.3d 891, 897 (9th Cir.2004) ("Res judicata, or claim preclusion, 'bars any lawsuits on any claims that were raised or could have been raised in a prior action.'" (citation omitted)).

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thompson Densmore ST. PIERRE,**
**Defendant–Appellant.**

**No. 12–30187.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2013.[*]

Filed April 22, 2013.

Danna Rae Jackson, Assistant U.S., J. Bishop Grewell, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Henry Branom, Jr., Assistant Federal Public Defender, FDMT–Federal Defenders of Montana, Great Falls, MT, Jessica L. Weltman, Esquire, Federal Defender Research, FDMT–Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

MEMORANDUM **

Thompson Densmore St. Pierre appeals from the district court's judgment and challenges the 21–month sentence imposed following his jury-trial conviction for theft, in violation of 18 U.S.C. §§ 661 and 1153(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

St. Pierre contends that the district court procedurally erred by failing to explain adequately the basis for the sentence and for its decision to run the sentence consecutively to his other federal sentences. We review for plain error, *see United States v. Valencia–Barragan*, 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the court heard St. Pierre's arguments and adequately explained the sentence in light of the 18 U.S.C. § 3553(a) sentencing factors. The court was not required to justify specifically its choice to run the sentence consecutively. *See United States v. Fifield*, 432 F.3d 1056, 1063–66 (9th Cir.2005).

St. Pierre also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing St. Pierre's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence and to protect the public. *See* 18 U.S.C. § 3553(a); *Gall,* 552 U.S. at 51, 128 S.Ct. 586.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

