NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30187 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00003-SEH |
| v. | |
| THOMPSON DENSMORE ST. PIERRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted April 16, 2013[**]

Before:    CANBY, IKUTA, and WATFORD, Circuit Judges.

Thompson Densmore St. Pierre appeals from the district court's judgment

and challenges the 21-month sentence imposed following his jury-trial conviction

for theft, in violation of 18 U.S.C. §§ 661 and 1153(a).  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291, and we affirm.

St. Pierre contends that the district court procedurally erred by failing to explain adequately the basis for the sentence and for its decision to run the sentence consecutively to his other federal sentences. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the court heard St. Pierre's arguments and adequately explained the sentence in light of the 18 U.S.C. § 3553(a) sentencing factors. The court was not required to justify specifically its choice to run the sentence consecutively. *See United States v. Fifield*, 432 F.3d 1056, 1063-66 (9th Cir. 2005).

St. Pierre also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing St. Pierre's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including the need for deterrence and to protect the public. *See* 18 U.S.C. § 3553(a); *Gall*, 552 U.S. at 51.

**AFFIRMED.**