NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued January 28, 2014
Decided March 4, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-2216

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 12-CR-94 |
| TIMOTHY O. HARRIS, *Defendant-Appellant.* | C.N. Clevert, Jr., *Judge.* |

## O R D E R

Timothy Harris pleaded guilty to possessing with intent to distribute a mixture containing the substance 5-MeO-DIPT (commonly called "foxy") and to being a felon who knowingly possessed a firearm. The district court sentenced him to 70 months' imprisonment to run consecutively to an undischarged Wisconsin sentence. Harris argues that the district court imposed this consecutive sentence without addressing his principal mitigating arguments, but since the district court did adequately address them, we affirm.

A confidential source identified Harris as a large-scale ecstasy distributor. The confidential source and an undercover officer arranged six controlled buys from Harris. Despite his agreement to sell ecstasy, Harris supplied a different Schedule I controlled substance: the hallucinogen 5-MeO-DIPT or "foxy." During the first five buys Harris provided the source with small quantities of pills, but when police intercepted him on his way to the sixth buy, their search of his vehicle revealed 999 pills (all containing foxy) and a loaded .380 caliber pistol.

Harris pleaded guilty to possessing with intent to distribute 5-MeO-DIPT and possessing a firearm as a convicted felon. Harris's presentence report noted that foxy is 2.36 times more potent than the similar hallucinogenic drug DET, and the recommended sentence was calculated using that multiplier. The report recommended a sentence of 70 to 87 months' imprisonment, given his guidelines offense level (21) and criminal-history category (V).

Harris filed a sentencing memorandum asking the court to impose a bottom-range sentence to run concurrently with an unrelated Wisconsin sentence. He argued that he was a low-level drug dealer and he was unaware of the chemical makeup of the designer drug he sold. He also urged the court to consider the disparate sentences the guidelines created between those selling the less-potent hallucinogen DET and those selling 5-MeO-DIPT. Last, relying on a sentencing commission study, Harris asserted that at age 43 he was less likely to reoffend than a younger man.

At Harris's sentencing hearing, the court adopted the presentence report, and then invited the parties to discuss the discretionary sentencing factors. The government requested a bottom-range sentence to be served consecutively to Harris's undischarged Wisconsin sentence. The government argued that a consecutive sentence was appropriate given Harris's "utter disrespect for the law." 18 U.S.C. § 3553(a)(2)(A). The government remarked that Harris's prior sentences did little to deter him from criminal conduct, and so a longer period of incarceration was necessary.

Harris renewed most of the arguments articulated in his sentencing memorandum: the sentencing disparity between DET and its analogue foxy, the departure from his usual low-volume pill sales, and his unknowing sale of a designer drug other than ecstasy. Harris added that a 70-month sentence would already be three to four times longer than any of his previous sentences, but he did not argue that he was less likely to reoffend because of his age.

The district court acknowledged that Harris faced a period of incarceration longer than any of his previous prison terms before it sentenced him to 70 months' imprisonment, consecutive to his undischarged Wisconsin sentence. A consecutive sentence was warranted, the court explained, because Harris had "often thumbed [his] nose at the law and ha[d] shown disrespect for the law." The district court also noted that 5-MeO-DIPT was a highly potent drug and that Harris was not a casual seller pushed into dealing by federal officers. Instead, it found that Harris was "clearly engaged in the business of drug dealing." The court also recognized that Harris had a difficult childhood with negative peer influences and an absent father, but determined that it could not overlook his serious criminal record.

On appeal Harris argues that the district court erred by not adequately addressing his mitigating arguments in support of a concurrent prison sentence. Harris contends that the court abused its discretion when it failed to consider his mitigating arguments that (1) he was a "street-level" drug dealer who thought he was selling ecstasy, not the more potent 5-MeO-DIPT; (2) he would be adequately deterred with a concurrent sentence since a 70-month sentence was already more time than he had served for his previous crimes; and (3) his age made him less likely to recidivate.

In fact, the district court adequately explained its reasons for rejecting almost all of Harris's principal arguments. See, *e.g.*, *United States v. Pape*, 601 F.3d 743, 748 (7th Cir. 2010) (district court implicitly rejected mitigating argument when it found defendant's history, familial circumstance, and offense warranted imposed sentence); see also *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008) (district court need not consider those mitigating arguments which are stock arguments). The district court explicitly recognized that Harris would receive a prison term for his current offense that would be greater than any of his previous stints in prison, thereby rejecting his contention that a concurrent sentence would be an adequate deterrent. The court also found that a consecutive sentence was necessary given Harris's continued disrespect for the law and commission of this offense while on probation in another case. The district court also implicitly rejected Harris's arguments concerning his "street-level" drug dealing and the guidelines disparate treatment of DET and 5-MeO-DIPT—it found that Harris attempted to expose many to the more potent hallucinogen, 5-MeO-DIPT, and that Harris was not a casual seller but a serious drug dealer. As a whole, the sentencing transcript reveals that the district court rejected Harris's mitigating arguments and imposed a consecutive sentence because of his ongoing disrespect for the law, commission of the offense while still on probation, and lengthy criminal history.

Harris is correct, however, that the district court said nothing about the mitigating effect of his age, but the court was not required to address the argument since it was underdeveloped—it was mentioned only once in Harris's sentencing memorandum and never mentioned during the sentencing hearing. See *United States v. Chapman*, 694 F.3d 908, 914–15 (7th Cir. 2012); *United States v. Jackson*, 547 F.3d 786, 795–96 (7th Cir. 2008); see also *United States v. Nurek*, 578 F.3d 618, 626 (7th Cir. 2009) (finding that age and illness were not significant mitigating factors and district court did not need to address them separately). A court that carefully considers the § 3553(a) factors need not specifically address every mitigating argument. See *United States v. Cerna*, 676 F.3d 605, 609 (7th Cir. 2012); *Chapman*, 694 F.3d at 914; *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005). Here, the district court evaluated the § 3553(a) factors, specifically noting Harris's lack of a father figure, his negative peer influences, while also referring to the seriousness of the current offense, Harris's lengthy criminal history, and Harris's need to be deterred from future criminal activity.

Accordingly, we **AFFIRM** the judgment of the district court.