**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10316 |
| Plaintiff-Appellee, | D.C. No. 4:17 cr-0750 RCC |
| v. | |
| CRUZ ALONSO GAVINO-MARISCAL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Argued and Submitted February 7, 2020
Arizona State University, Phoenix, Arizona

Before:     TASHIMA, HURWITZ, and MILLER, Circuit Judges.

Cruz Alonso Gavino-Mariscal appeals his conviction and sentence for

willfully and knowingly making a false statement in an application for a passport,

in violation of 18 U.S.C. § 1542.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**1.** Reviewing for plain error, *see United States v. Leos-Maldonado*, 302 F.3d 1061, 1064 (9th Cir. 2002), we reject Gavino-Mariscal's challenge to the sufficiency of the indictment. Gavino-Mariscal has not shown that any purported error affected his substantial rights, because he has not shown that including a reference to 22 C.F.R. § 51.20(b) in the indictment would have altered his defense at trial or affected the outcome of the district court proceedings. *See id.* at 1064–65; *United States v. James*, 980 F.2d 1314, 1319 (9th Cir. 1992).

**2.** Reviewing for plain error, *see United States v. Alferahin*, 433 F.3d 1148, 1154 (9th Cir. 2006), we reject Gavino-Mariscal's challenge to the jury instructions. Even assuming that there was error, Gavino-Mariscal has not shown that the error affected his substantial rights.

**3.** Sufficient evidence supports the jury's verdict. *See Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam) ("A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury."). Although Gavino-Mariscal possessed a facially valid California birth certificate, the government presented evidence that the birth certificate was procured by fraud, that Gavino-Mariscal was born in Mexico, and that he was aware of his Mexican birth at the time he submitted his passport application.

**4.** The district court adequately explained Gavino-Mariscal's sentence. The sentencing laws "do not require that a district court always specifically justify its choice between concurrent and consecutive sentences." *United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir. 2005). "The district court need not tick off each of the § 3553(a) factors to show that it has considered them." *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc). Further, Gavino-Mariscal has not identified any "specific, nonfrivolous argument tethered to a relevant § 3553(a) factor" that the district court failed to address. *See id.* at 992–93.

**AFFIRMED.**