**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jesus CASTANEDA–CEJA, Defendant–Appellant.**

No. 05–10617.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Ronald C. Rachow, Esq., Office of the U.S. Attorney, Reno, NV, for Plaintiff–Appellee.

Michael D. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before: LEAVY, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Jesus Castaneda–Ceja appeals from the 52–month sentence imposed following his guilty-plea conviction for being an alien found in the United States after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Castaneda–Ceja contends that his sentence is unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court failed to consider factors set forth by 18 U.S.C. § 3553(a), including the kinds of sentences available pursuant to 18 U.S.C. § 3553(a)(3). The record, however, reflects that the district court was aware that it had "full discretion to impose a concurrent, partially concurrent or consecutive sentence," and chose to impose a consecutive sentence in light of Castaneda–Ceja's criminal history and the circumstances of his offense. *See United States v. Dowd*, 417 F.3d 1080, 1089 (9th Cir. 2005); *see also United States v. Fifield*, 432 F.3d 1056, 1066 (9th Cir.2005) (concluding that a district court must "justify its choice of the sentence as a whole with reference to the factors listed in

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

§ 3553(a)"). While Castaneda–Ceja contends that his consecutive sentence was unreasonable because the district court did not know when his indeterminate state term of imprisonment would end, the district court's imposition of a 52–month sentence consecutive to his state sentence provided a "reasonable incremental punishment for the instant offense." U.S.S.G. § 5G1.3 cmt. n. 3(A). We conclude that the sentence imposed on Castaneda–Ceja was reasonable. *See United States v. Plouffe,* 445 F.3d 1126, 1131–32 (9th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 2314, 164 L.Ed.2d 832 (2006).

 Castaneda–Ceja further contends that pursuant to *Dretke v. Haley,* 541 U.S. 386, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004), the avoidance of constitutional doubt doctrine requires the court to construe 8 U.S.C. § 1326 such that a two-year statutory maximum applies to his offense, and that the holding of *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), should be rejected pursuant to the doctrine of doubtful precedent. This Court, however, has recently reaffirmed that the fact of a prior conviction need not be proven to a jury or admitted in order to increase a defendant's statutory maximum sentence under 8 U.S.C. § 1326(b). *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091 (9th Cir.2006); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir. 2005). Accordingly, the doctrines of avoidance of constitutional doubt and doubtful precedent do not require the statute and Guidelines to be construed otherwise.

**AFFIRMED.**

