UNITED STATES of America, Plaintiff–Appellee,

v.

Blaine Travis FIFIELD, Defendant–Appellant.

No. 07–30293.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 19, 2008.*

Filed Feb. 21, 2008.

Kris A. McLean, Esq., Office of the U.S. Attorney, Missoula, MT, for Plaintiff–Appellee.

John P. Rhodes, Esq., Federal Defenders of Montana, Missoula, MT, for Defendant–Appellant.

Before: O'SCANNLAIN, TASHIMA, and BERZON, Circuit Judges.

MEMORANDUM **

After pleading guilty to two counts of unlawful possession of firearms in violation of 18 U.S.C. §§ 922(g)(1) and 922(g)(3), appellant Fifield was originally sentenced on July 6, 2004, to 54 months' imprisonment on each count concurrently, but to run consecutively to two previously-imposed Montana state sentences. This is Fifield's third appeal from the sentence. *See United States v. Fifield,* 432 F.3d 1056 (9th Cir.2005) ("*Fifield I*"); *United States v. Fifield,* 485 F.3d 1053 (9th Cir.2007). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

On this appeal, Fifield again challenges the district court's running his federal sentence consecutively to his state court sentences. He contends that the consecutive federal sentence violates his Sixth Amendment rights as construed in *Apprendi v.*

*New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Fifield concedes, however, that this issue has already been adversely decided against him in *Fifield I. See* 432 F.3d at 1066–67. He further recognizes that "one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel" (quoting *United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992)). And, while Fifield does not expressly so recognize, our earlier ruling in *Fifield I* of the Sixth Amendment issue is the law of the case and, as such, is binding in all subsequent proceedings in this case. *See, e.g., United States v. Cote,* 51 F.3d 178, 181 (9th Cir. 1995) ("The law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case.") (quoting *Herrington v. County of Sonoma,* 12 F.3d 901, 904 (9th Cir.1993)).

For the foregoing reasons, the judgment and sentence of the district court is **AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.