**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10553 |
| Plaintiff - Appellee, | D.C. No. 1:10-cr-00461-LJO |
| v. | |
| JESSE ALVIN CRIPPS, Sr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2012[**]

Before: CANBY, GRABER, and M. SMITH, Circuit Judges.

Jesse Alvin Cripps, Sr., appeals from the aggregate 114-month sentence imposed following his guilty-plea conviction for 15 counts of mail fraud, in violation of 18 U.S.C. § 1341, and two counts of money laundering, in violation of 18 U.S.C. § 1957(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Cripps contends that the district court procedurally erred by failing to consider properly the sentencing factors set forth in 18 U.S.C. § 3553(a) and by failing to explain adequately the reasons for the sentence. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and we find none. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) ("[A]dequate explanation in some cases may . . . be inferred from the PSR or the record as a whole."); *United States v. Fifield*, 432 F.3d 1056, 1063-66 (9th Cir. 2005) (the district court need not specifically articulate reasons for its choice between a concurrent and a consecutive sentence).

Cripps also contends that the district court abused its discretion in imposing a consecutive sentence, and that the aggregate sentence is substantively unreasonable. He argues that the court impermissibly double-counted by imposing a consecutive sentence on the basis of factors already accounted for in the base offense level calculation. The record reflects that the court properly sentenced Cripps on the basis of the totality of circumstances and the section 3553(a) sentencing factors, and that it did not abuse its discretion in imposing low-end Guidelines sentences on each count of conviction and ordering two of the sentences to run consecutively. *See* 18 U.S.C. § 3584; *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

11-10553