FILED

JAN 08 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30319 |
| Plaintiff - Appellee, | D.C. No. 1:12-cr-00086-DWM-1 |
| v. | |
| WALTER MITCHELL STEWART, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted October 6, 2014[**]
Portland, Oregon

Before: KOZINSKI, FERNANDEZ, and DAVIS,[***] Circuit Judges.

Walter Mitchell Stewart appeals from the district court's imposition of

certain conditions of supervised release, after he pled guilty to failing to register as

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Andre M. Davis, Senior Circuit Judge for the United
States Court of Appeals for the Fourth Circuit, sitting by designation.

a sex offender. <u>See</u> 18 U.S.C. § 2250(a).  We affirm in part, and vacate and remand in part.

(1)  Because Stewart did not object to the terms in question at sentencing, we review for plain error.  <u>See</u> Fed. R. Crim. P. 52(b); <u>Puckett v. United States</u>, 556 U.S. 129, 135 (2009); <u>United States v. Rearden</u>, 349 F.3d 608, 618 (9th Cir. 2003); <u>see also</u> <u>United States v. Gonzalez-Aparicio</u>, 663 F.3d 419, 428 (9th Cir. 2011).

(2)  On this record, we perceive no error, much less plain error, in the Special Condition 6 restrictions that prevent Stewart from loitering around places frequented by children under 18 years of age.  <u>See</u> <u>United States v. Daniels</u>, 541 F.3d 915, 928 (9th Cir. 2008); <u>United States v. Bee</u>, 162 F.3d 1232, 1235–36 (9th Cir. 1998).

However, the portion of Special Condition 6 that restricts residence in the home or being in the company of any child under the age of 18 years is more troublesome as it relates to Stewart's grandchildren.  Because he can reside with and be in the company of his own children,[1] the condition appears unduly restrictive in situations where they have minor children of their own (his grandchildren) in their homes or in their company, and are willing to have him in residence or in their company also.  The district court committed procedural error

---

[1]The condition does not apply to his children.

when it relied solely on the discretion vested in Stewart's probation officer to ameliorate the potential harshness of this condition.  See United States v. Wolf Child, 699 F.3d 1082, 1095 (9th Cir. 2012).  It should, instead, have engaged in further fact-finding or explication regarding the extent to which this condition might interfere with Stewart's ability to interact with his children.  Id. at 1090.[2]  We will, therefore, vacate the provision insofar as it relates to his grandchildren, and remand for further proceedings.

Moreover, as the government concedes, the Special Condition 6 restriction which states that Stewart cannot "date or socialize with anybody knowing they have children under the age of 18" is overbroad and must be vacated.  See Wolf Child, 699 F.3d at 1100–01.

(3)  On this record, we perceive no error, much less plain error, in the first sentence of the Special Condition 7 restriction that precludes Stewart's possession or viewing of "any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A)(i)–(v)."  See Daniels, 541 F.3d at 927–28; Rearden, 349 F.3d at 619–20.

---

[2]We do not suggest that he has a general due process right to reside with or be in contact with his grandchildren.  See Miller v. California, 355 F.3d 1172, 1175–76 (9th Cir. 2004); Mullins v. Oregon, 57 F.3d 789, 793–95 (9th Cir. 1995).

The second sentence of Special Condition 7, which precludes Stewart's possession of "material, which portrays erotica, anime or cartoons which depict sexual conduct or sexual acts" may be more problematic. However, Stewart makes no argument on appeal about that provision in particular and has, therefore, waived the issue. See Daniels, 541 F.3d at 925; United States v. Stoterau, 524 F.3d 988, 1003 n.7 (9th Cir. 2008); see also Fed. R. App. P. 28(a)(8)(A). If we were to consider it, we note that at sentencing the district court rendered the phrase "which depict sexual conduct or sexual acts," as "sexually explicit conduct depicted." We take that as the district court's actual intention and pronouncement about the reach of the sentence. See United States v. Fifield, 432 F.3d 1056, 1059 n.3 (9th Cir. 2005). That might make it somewhat redundant to and a further explanation of what is included in the first sentence; it does not make imposition of the restriction plain error, and surely does not cause Special Condition 7 to affect Stewart's substantial rights.

AFFIRMED in part and VACATED and REMANDED in part.